IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KEITH LAMAR WILLIAMS,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *   CIVIL ACTION NO. 19-00288-JB-B |
| | * |
| **PAIGE HOWELL,** *et al.*, | * |
| | * |
|     **Defendants.** | * |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Keith Lamar Williams filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 (Doc. 1), a motion to proceed without the prepayment of fees (Doc. 2), and a motion for appointment of counsel (Doc. 3). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**I.   STANDARDS OF REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B).**

Because Williams is seeking to proceed *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed

---

[1] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners

as "frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist. Id. at 327.  Section 1915(e)(2)(B)(ii) "directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted[.]" Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).  A complaint may be dismissed for failure to state a claim when, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke, 490 U.S. at 326.  Moreover, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007).  Under § 1915(e)(2)(B)(iii), a claim may be dismissed when it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

---

alike." Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017), cert. denied, 138 S. Ct. 338 (2017).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, even in the case of *pro se* litigants, the court does not have "license to . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Moreover, a court treats a plaintiff's factual allegations as true, but a court is not required to accept conclusory assertions or formulaic recitations of a cause of action's elements. Iqbal, 556 U.S. at 681. Further, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

**II. DISCUSSION.**

    **A.  Plaintiff's Complaint.**

As an initial matter, the Court recognizes that, although Williams filed his complaint on an outdated Court form for § 1983 prisoner actions, Williams was not a prisoner at the time he filed this action. Williams asserts claims against Defendants Paige Howard, Scott Walden, Stephen Billy and Bradley E. Byrne arising out of state criminal charges that were filed against him in 2011

3

and were then *nolle prossed* in September 2012. In his complaint, Williams alleges that on July 22, 2011, Defendant Paige Howell falsely and maliciously alleged that Williams sold a controlled substance to an informant and was in possession of controlled substances and drug paraphernalia, in order to obtain an arrest warrant for Williams. (Doc. 1 at 4-5). Williams contends that as a result of these allegations, he was arrested in July 2011 "on criminal charges that was not supported by probable cause." (Id. at 5). As best the Court can discern, Williams appears to assert that Defendant Stephen Billy, the Escambia County, Alabama District Attorney, presented the false information provided by Howell to the grand jury in order to obtain an indictment, despite allegedly knowing the information was false. (See id. at 5-6). Williams also names as a Defendant Escambia County Circuit Judge Bradley E. Byrne and alleges that Judge Byrne "sign[ed] off" on the false information presented to the grand jury.[2] (Id.).

Williams makes a number of § 1983 claims, with varying degrees of specificity. He asserts violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (Id. at 5). To obtain relief under § 1983, Williams must show that he was deprived of a federal right by a person

---

[2] In his complaint, Williams identifies the Judge as "Byrns"; however, in his motion to proceed in forma pauperis, he lists the Judge as "Byrnes". (See Docs. 1, 2). "Byrne" appears to be the correct spelling.

4

acting under color of state law. Patrick v. Floyd Medical Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). This requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)) (emphasis in original).

   **B.   Judge Byrne is Entitled to Absolute Immunity**.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" Allen v. Florida, 458 F. App'x 841, 843 (11th Cir. 2012) (quoting Mireles, 502 U.S. at 12). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks and citation omitted); see Mireles, 502 U.S. at 11 (holding that "judicial immunity is not overcome by allegations of bad faith or malice"); Allen, 458 F.

5

App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." Mireles, 502 U.S. at 13 (internal quotation marks and citation omitted). "This immunity applies to proceedings [brought] under 42 U.S.C. § 1983." Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985).

In this case, Williams makes no allegation that Judge Byrne acted in the "clear absence of all jurisdiction." See Allen, 458 F. App'x at 843. Thus, the Court must determine whether Judge Bryne's actions were taken in his judicial capacity, that is, actions of the type normally performed by judges. See Stump, 435 U.S. at 360-62. As noted *supra,* Williams contends that Judge Byrne "sign[ed] off" on the false information presented to the grand jury. (Doc. 1 at 6). Williams provides no details to suggest that the challenged actions were not of the type normally performed by judges, i.e., conducting criminal proceedings and presiding over a criminal trial. Rather, as noted *supra*, Williams takes issue with the manner in which Judge Byrne handled his criminal proceedings. "Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity." Stump, 435 U.S. at 363. Because Williams' allegations against Judge Byrne clearly arise from actions allegedly taken by him in his judicial capacity during Williams' criminal court proceedings, over which Judge Byrne clearly had jurisdiction, Judge Byrne is absolutely immune from civil liability for acts taken pursuant to

6

his judicial authority. See Hyland v. Kolhage, 267 F. App'x 836, 840-41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of sentencing hearing after completion of such hearing], he was entitled to judicial immunity"); Stump, 435 U.S. at 356-57 (holding that where judge was not acting in the "clear absence of all jurisdiction," he was entitled to immunity even if Plaintiff alleged that the action taken was erroneous, malicious, or without authority). Consequently, Williams' claims against Judge Byrne are "based on an indisputably meritless legal theory" and are, therefore, subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). See Neitzke, 490 U.S. at 327.

  **C.**  **The Prosecutor is Entitled to Immunity**.

Williams' claims against Stephen Billy, the Escambia County prosecutor, should also be dismissed, because Billy's role as a prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, Ga., 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from

7

liability for "actions taken . . . in their role as advocates[.]" Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (internal citations omitted).

In this action, Williams appears to contend that Defendant Billy, the Escambia County District Attorney, presented the false information provided by Howell to the grand jury in order to obtain an indictment, despite allegedly knowing the information was false. (See id. at 5-6). It is clear that Williams is complaining about actions taken by Defendant Billy in initiating and pursuing a criminal prosecution. However, none of Williams' allegations contend that Defendant Billy acted beyond his function as prosecutor. Accordingly, Defendant Billy is entitled to prosecutorial immunity for Williams' claims against him.[3]

---

[3] It is also noteworthy that despite Williams' assertions to the contrary, the Fifth Amendment provides no basis for relief in this case. It appears that Williams is attempting to assert a claim for violation of the Fifth Amendment's Due Process Clause based upon the alleged deception of grand jurors by the presentation of known false evidence. See Giglio v. United States, 405 U.S. 150, 153 (1972); (Doc. 1 at 6). However, "the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government; it does not apply to state actors." Hall v. Alabama, 2010 U.S. Dist. LEXIS 14101, 2010 WL 582076, at *4 (M.D. Ala. Feb. 18, 2010); see Harris v. City of Orange Beach, Ala., 2007 WL 9717530, at *5 n.4 (S.D. Ala. Aug. 21, 2007) ("[T]he Fourteenth Amendment applied the due process provision of the Fifth Amendment to the states and plaintiffs'

8

**D. Williams' Claims are Barred by the Statute of Limitations.**

Williams is bringing his claims for violation of his constitutional rights under § 1983. In § 1983 suits, "federal courts are to borrow the 'general' or 'residual' statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits." Lufkin v. McCallum, 956 F.2d 1104, 1106 (11th Cir. 1992) (citing Owens v. Okure, 488 U.S. 235, 236, 249-50 (1989)). "Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions heard in Alabama." Ecklund v. Ala. Med. Licensing Comm'n, 2009 U.S. Dist. LEXIS 109434, 2009 WL 4456368, at *6 (S.D. Ala. Nov. 20, 2009); see Ala. Code § 6-2-38(l) ("All

---

claims are against state actors."). Williams does not allege that federal actors did anything to harm him. Therefore, the Fifth Amendment provides no basis for relief in this case.
    Williams also appears to generally allege a Sixth Amendment violation, but he does not provide any specific factual allegations supporting or explaining that claim. The same holds true for his purported Eighth Amendment claim. His complaint includes no factual content that would allow the Court to reasonably infer that he was subjected to excessive bail, excessive fines, or cruel and unusual punishment. Ordinarily, Williams would be entitled to amend his complaint prior to the dismissal of his Sixth Amendment and Eighth Amendment claims for failure to state a claim. See Brown, 387 F.3d at 1348-49. However, because, as explained *infra,* Defendants Judge Byrnes and Stephen Billy are immune, and Williams' § 1983 claims are barred by the statute of limitations, granting him leave to amend would be futile. See Jones v. Robinson, 665 F. App'x 776, 778 (11th Cir. 2016) ("[D]istrict courts need not grant leave to amend where amendment would be futile. Granting leave to amend would be futile if the complaint, as amended, is still subject to dismissal.") (internal citation omitted).

actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). While state law supplies the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis in original).

The general federal rule is that the statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996) (citation and internal quotation marks omitted). A plaintiff must know or have reason to know that he was injured, and must be aware or should be aware of who inflicted the injury. Id. at 562. Additionally, a § 1983 claim for malicious prosecution does not accrue until the criminal proceedings are resolved in the plaintiff's favor. Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Williams filed his complaint on June 12, 2019. In his complaint, he alleges that he was arrested on July 22, 2011, and that the criminal case against him was dismissed on September 26, 2012 on the motion of the State. (Doc. 1 at 3-5). He attaches as exhibits to his § 1983 complaint three criminal complaints, each dated July 25, 2011 and signed by Defendant Paige Howell, which

10

alleged that Williams, on July 22, 2011, unlawfully possessed and sold crack cocaine and unlawfully used or possessed drug paraphernalia. (Id. at 9, 12-13). Williams also attaches a grand jury bill of indictment for those offenses, dated October 28, 2011. (Id. at 10-11). He further attaches a circuit court order dated September 26, 2012, granting the State's Motion to Nol Pros his criminal case, on the grounds that the State could not establish a prima facie case and that justice would best be served. (Id. at 8).

Thus, based on Williams' complaint, the alleged constitutional violations occurred between July 22, 2011 and September 26, 2012. Clearly, Williams knew or should have known about the alleged violations at the very latest by September 26, 2012, when the circuit court judge *nolle prossed* his criminal case based upon the State's admission that it could not establish a prima facie case against him. As such, applying the two-year statute of limitations, each of Williams' claims would be barred after September 26, 2014. Since Williams did not file his complaint until nearly five years later, June 12, 2019, his § 1983 malicious prosecution claim is barred, because his criminal case was resolved in his favor more than two years before filing the instant suit. Further, because Williams knew or should have known about the facts and circumstances surrounding each of constitutional claims more than two years before his lawsuit was

11

filed, his other claims are also barred by the statute of limitations. Thus, each of the claims in Williams' complaint are time-barred and are due to be dismissed for failing to state a claim upon which relief may be granted. See Jones v. Bock, 549 U.S. 199, 215 (2007); Key v. Redcross, 2015 U.S. Dist. LEXIS 175992, at *5, 2015 WL 10012959, at *2 (N.D. Ala. Dec. 4, 2015), report and recommendation adopted, 2016 U.S. Dist. LEXIS 14859, 2016 WL 470828 (N.D. Ala. Feb. 8, 2016).

    **E.   Granting Williams Leave to Amend Would be Futile.**

Pursuant to Rule 15(a), a party may amend its pleading as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Generally, a plaintiff must be given at least one chance to amend the complaint, unless amendment, *inter alia*, would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

As detailed above, Williams' § 1983 claims based on the allegedly false criminal complaints and his resulting indictment and arrest are plainly barred by the two-year statute of limitations. And, Defendants Judge Byrnes and Stephen Billy are

12

immune from the claims raised in Williams' complaint; thus, any amendment would be futile.

**III. CONCLUSION.**

For the foregoing reasons, it is recommended that this action be dismissed with prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **June, 2019.**

                                             **/s/ SONJA F. BIVINS**
                                           **UNITED STATES MAGISTRATE JUDGE**